IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CORAL RIDGE MINISTRIES MEDIA, INC. )<br>d/b/a D. James Kennedy Ministries )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM, INC., )<br>AMAZONSMILE FOUNDATION, INC. )<br>SOUTHERN POVERTY LAW CENTER, INC. )<br>And GUIDESTAR USA, INC., )<br>)<br>  Defendants. ) | CIVIL ACTION NO.<br>2:17-cv-566-MHT |

## DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY AND BRIEF IN SUPPORT

Defendants the Southern Poverty Law Center, Inc., ("the SPLC"), Amazon.com, Inc., AmazonSmile Foundation (collectively, "Amazon Defendants"),[1] and GuideStar USA, Inc. ("GuideStar"), respectfully ask the Court to stay discovery while the Court decides Defendants' filed and forthcoming motions to dismiss. In support of this Motion, Defendants state:

1. Counsel for the Amazon Defendants and GuideStar have conferred with counsel for Plaintiff Coral Ridge Ministries Media, Inc. ("CRM Media"), including on the SPLC's behalf, and Plaintiff opposes Defendants' Motion.

2. All Defendants have filed or will file motions to dismiss CRM Media's complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6) (Docs. 15, 21). GuideStar also has asked the Court to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2).

---

[1] Plaintiff erroneously sued AmazonSmile Foundation as AmazonSmile Foundation, Inc.

1

3. The Court should rule on these motions before deciding the scope and timing of discovery. A decision on the motions could terminate the litigation as to one or more defendants or significantly affect the scope of any discovery.

4. "[F]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This is particularly so in cases, like this one, which involve First Amendment rights. *See, e.g., Michel v. NYP Holdings, Inc.,* 816 F.3d 686 (11th Cir. 2016).

5. For these and the following reasons, Defendants respectfully request that the Court stay discovery as to each Defendant unless and until fourteen (14) days after the Court denies that Defendant's motion to dismiss.

### Brief in Support of Motion to Stay Discovery

**A.    Factual and Procedural Background.**

This lawsuit stems from the SPLC's inclusion of CRM Media on its "Hate Map," which lists groups that the SPLC has designated as "hate groups"; the Amazon Defendants' alleged refusal to include CRM Media in its charitable giving program on the basis of the designation; and GuideStar's inclusion of SPLC's hate-group designations in its database. *See* Complaint (Doc. 1). CRM Media claims that the designation is based on its opposition to same-sex marriage and, in its words, "the homosexual agenda." *Id.* ¶ 41; *see also id.* ¶ 144. CRM Media alleges the SPLC and GuideStar defamed it and violated the Lanham Act, *id.* ¶¶ 50-134, and that the Amazon Defendants unlawfully discriminated against it on the basis of religion under Title II of the Civil Rights Act of 1964, *id.* ¶¶ 135-55.

All Defendants have filed or plan to file motions to dismiss this case on purely legal grounds. The SPLC and GuideStar filed motions to dismiss on September 15 and 18, respectively. (Docs. 15, 21). Amazon intends to file a motion to dismiss no later than October 16, 2017, consistent with the Court's September 14, 2017, order. (Doc. 13.) The SPLC argues, among other things, that CRM Media has failed to adequately allege that it acted with the requisite degree of fault (in a case like this, actual malice), that the phrase "hate group" is a statement of opinion that cannot be proven false as a matter of law, and that the statement was not made in any commercial advertising or promotion, as the Lanham Act requires. (Doc. 15 at 1-3.) GuideStar argues that CRM Media has not identified any defamatory statement or any commercial advertising or promotion made by GuideStar, contends that any statement that the SPLC has designated CRM Media a hate group is true, makes similar arguments to the SPLC regarding lack of actual malice and the lack of any speech regulated by the Lanham Act, and contends that this Court lacks personal jurisdiction over it. (Doc. 21.) Amazon intends to argue, among other things, that its website is not a "public accommodation" under Title II of the Civil Rights Act, and the First Amendment protects its selection of charitable causes to which it makes donations.

On September 18, 2017, the Court entered an order requiring the parties to file a report under Rule 26(f) no later than October 16, 2017. (Doc. 18.) On September 25, 2017, counsel for the Amazon Defendants and GuideStar participated in a telephone conference with counsel for CRM Media, during which they indicated Defendants plan to ask the Court to stay discovery pending rulings on their motions to dismiss. CRM Media's counsel said it opposed such a stay.

**B.     Argument.**

"[F]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins."

3

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  This is because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.* at 1367.  Not only is discovery unnecessary before a ruling on a motion to dismiss, but it can and often does result in a "massive waste of judicial and private resources." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) (quoting *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1233 (11th Cir. 1998)).  Thus, the Eleventh Circuit and district courts within it have repeatedly held that courts should stay discovery while a motion to dismiss is pending.  *See, e.g.*, *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (affirming stay of discovery pending ruling on motion to dismiss); *Carter v. DeKalb Cty., Ga.,* 521 F. App'x 725, 728 (11th Cir. 2013) (same); *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012), *cert. denied*, 134 S. Ct. 203 (2013) (same); *Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (same); *Moore v. Potter,* 141 F. App'x 803, 807 (11th Cir. 2005) (same); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (same); *Weaver v. Nat'l Better Living Ass'n,* No. 4:13-CV-2112, 2014 WL 1621951, *1 (N.D. Ala. Apr. 22, 2014) (rejecting narrow reading of *Chudasama*); *Hall v. Thomas*, 753 F. Supp. 2d 1113, 1121 n.20 (N.D. Ala. 2010) ("[T]he only proper course, when presented with a request to stay discovery pending resolution of a motion to dismiss, is to grant the stay.").

    This is particularly so where, as here, the Plaintiff's claim implicates the First Amendment.  Fundamentally, this lawsuit is based on the SPLC's allegedly defamatory speech regarding CRM Media, a public figure, or at least a public figure for purposes of its positions regarding LGBT people.  As the Eleventh Circuit has held, "when examining public figure defamation suits . . .

there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation . . . . Forcing publishers to defend inappropriate suits through expensive discovery in all cases would constrict the breathing space in exactly the manner the actual malice standard was intended to prevent." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (rejecting defamation plaintiff's claim that courts should not dismiss public figure defamation suits without discovery as "completely out of line with the current state of the law."); *see also Herbert v. Lando*, 441 U.S. 153, 178 (1979) (Powell, J., concurring) ("[I]n supervising discovery in a libel suit by a public figure, a district court has a duty to consider First Amendment interests as well as the private interests of the plaintiff."); *Farah v. Esquire Magazine*, 736 F.3d 528, 534 (D.C. Cir. 2013) ("summary proceedings are essential in the First Amendment area because if a suit entails long and expensive litigation, then the protective purpose of the First Amendment is thwarted even if the defendant ultimately prevails").

In view of these principles, the Court should stay discovery—including the deadline for the Rule 26(f) report and initial disclosures—until it has ruled on Defendants' motions to dismiss. The motions each present legal questions that presume the truth of the allegations of the complaint. As just one example, even assuming, as CRM Media alleges, the SPLC called CRM Media a "hate group," whether that term is an opinion (and therefore not actionable under the First Amendment) is a question of law. Similarly, whether the SPLC's "Hate Map" is actionable as "false advertising" under the Lanham Act is also a question of law. Finally, even assuming the Amazon Defendants excluded CRM Media from AmazonSmile because of CRM Media's religious beliefs, whether a website—rather than a physical place—can be a "public accommodation" (and subject to the Civil Rights Act) is also matter of law. The Court's decisions

on these and other (purely legal) issues in the motions may render discovery unnecessary or significantly alter its scope.

A stay is proper not only for this reason, but also because discovery threatens to chill Defendants' exercise of their First Amendment rights, *i.e.*, their decisions about a group that unabashedly opposes the "homosexual agenda."

### C. Conclusion

For these reasons, Defendants respectfully request that the Court stay discovery as to each Defendant unless and until fourteen (14) days after it denies that Defendant's motion to dismiss.

Respectfully submitted this 28th day of September, 2017.

s/Shannon L. Holliday
Shannon L. Holliday (HOL088)
Robert D. Segall (SEG003)
Copeland Franco Screws & Gill, P.A.
444 South Perry Street (36104)
Post Office Box 347
Montgomery, AL  36101-0347
Phone: (334) 834-1180
Email: holliday@copelandfranco.com
Email: segall@copelandfranco.com
**Attorneys for Southern Poverty Law Center, Inc.**

s/Sona Rewari
Sona Rewari (*pro hac vice*)
Hunton & Williams LLP
2200 Pennsylvania Ave., NW
Washington, DC  20037
Email:  srewari@hunton.com
**Attorneys for GuideStar USA, Inc.**

        s/Harlan I. Prater IV  
        Harlan I. Prater, IV (PRA004)  
        R. Ashby Pate (PAT077)  
        Lightfoot, Franklin & White, L.L.C.  
        The Clark Building  
        400 North 20th Street  
        Birmingham, AL  35203-3200  
        Email:  hprater@lightfootlaw.com  
        Email:  apate@lightfootlaw.com  
        **Attorneys for Amazon.com, Inc. and AmazonSmile Foundation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of September, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF filing system which will electronically notify the following counsel of record:

Charles E. Hall, Jr.  
Post Office Box 7  
Dadeville, AL  36853-0007  
Email:  chall.law@att.net

David C. Gibbs, III  
Gibbs Law Firm PA  
2648 FM 407, Suite 240  
Bartonville, TX  76226  
Email: dgibbs@gibbsfirm.com

        s/Shannon L. Holliday  
        Of counsel